UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GLEN MILLER, | ) | |
| Institutional ID No. 318071, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-119-BG |
| S. PAYNE, | ) | ECF |
| Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   Procedural History**

Plaintiff Glen Miller filed this action on July 17, 2012, complaining of events that occurred during his incarceration at Texas Department of Criminal Justice West Texas Intermediate Sanction Facility (West Texas ISF).  On August 17, 2012, the United States District Court reassigned the case to the undersigned United States Magistrate Judge, and Miller filed notice that he would not consent to proceed before a United States Magistrate Judge on August 24, 2012.

On October 4, 2012, the undersigned entered an order requiring Miller to complete a questionnaire within thirty days from the date of the order.  On October 10, 2012, the order was returned as undeliverable.  As of this date, Miller has not informed the court of his new address, and there has been no further docket activity in this action.

**II.   Recommendation**

District courts have inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679

(5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Miller's Complaint for want of prosecution.

## III.  Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:      October 30, 2012.

*[signature: Nancy M. Koenig]*
NANCY M. KOENIG
United States Magistrate Judge